## No. 140

### WELSCH, Extrx. et v. HALLEN

### No. 20238. Supreme Court

On motion to certify. Dock. Dec. 29, 1926, 5 Abs. 27.

#### First Publication of this Case

1271. WILLS—Can the representatives of decedent's estate be called in an action for services against the estate by a person claiming compensation, and cross examined relative to facts prior to decedent's death?

William Welsch widower who had a blood son, married Marie Dupre who had a blood daughter. The daughter whose name is now Margaret Hallen lived in the household for over 15 years. Welsch died testate leaving one-half of his estate to his son and the other half to his widow who is also executrix. Hallen being left out of the will filed her claim for services against the estate in the sum of $9540. This claim was allowed and Harry Welsch the blood son of William Welsch objected. Thereupon Hallen commenced suit to recover and on the trial of the case Hallen called Harry Welsch and the executrix and attempted to cross-examine them about facts occurring before William Welsch died, which was objected to by opposing counsel and sustained.

At the close of Hallen's testimony, the trial court non-suited her. On appeal the Court of Appeals reversed the lower court upon the ground that Welsch should have been cross-examined and the executor allowed to testify.

Welsch contends in the Supreme Court:

1. That Hallen in an action for services against the representatives of a decedent's estate cannot call the representatives in spite of objection by the defense counsel and examine them as if under cross-examination as to facts, transactions, conversations and admissions occurring in the lifetime of the decedent.

2. That the disqualified party calling for such cross-examination, may under the decisions of this court in 38 OS. 441 and 44 OS. 596 testify as to the same facts, transactions, conversations and admissions, and in such event the protection to decedent's estates provided by 11495, will have been destroyed.

Attorneys—Carlisle & Merchant for the executrix; A. H. Johnson and John W. Wilson for Hallen; all of Columbus.

---

## THIS WEEK'S DIGEST
## Cases Published in the Abstract

**27. ACTIONS.**
Section 11279 GC., relating to the commencement of civil actions does not apply to actions for divorce. Creager v. Creager. OA. 5 Abs. 102.

**95. ARGUMENT.**
Where prosecuting attorney in argument to jury, reads statement, from opinion of Court of Appeals in a case where said court had virtually found that accused was on premises with another defendant who had been convicted of burglary and whose case the Court reviewed, affirming the conviction, it is highly prejudicial to accused and judgment will be reversed therefor. Dillon, Alias v. State. OA. 5 Abs. 103.

**211. CAUSE OF ACTION.**
It does not constitute cause of action for physician to make false representations that he has removed one of the patients' kidneys, where physician is not guilty of any act of malpractice in failing to remove the kidney during an operation or in treatment of the patient. Netzel v. Todd. OA. 5 Abs. 101.

**279. CONFLICT OF JURISDICTION.**
Where a question of conflict of jurisdiction arises, the court otherwise having jurisdiction would obtain precedence by priority of actual service of the summons upon necessary parties, and by priority of the decree of divorce based on such service. Creager v. Creager. OA. 5 Abs. 102.

**308. CONVICTION.**
For killing railroad policeman under Sec. 12402 GC. will be sustained although officer did not have badge where accused knew him to be such. Atkins v. State. OS. 5 Abs. 111.

**333. CRIMINAL LAW.**
Is fact that fine and sentence not complying with Sec. 13717 GC. which provides that persons so imprisoned shall receive credit of $1.50 per day to apply on fines, ground for reversal? Donley v. State. OS. Pend. 5 Abs. 95.

**413. DIVORCE & ALIMONY.**
In a divorce suit, where the court had jurisdiction of the subject matter and the parties, a decree of divorce was granted for the extreme cruelty of the husband, and the wife was given the real estate of the husband as alimony; the husband prosecuted error but waived error as to that part of the decree granting the wife a divorce; the Court of Appeals reversed the decree as to alimony and remanded the cause for trial de novo on that issue; on second trial the court found that the wife had been guilty of gross neglect of duty and refused to grant her alimony and made an order barring her of dower in the husband's real estate; Held, that the divorce being granted for the aggression of the husband, it was error for the court to make an order depriving the wife of dower. Kundert v. Kundert. OA. 5 Abs. 99.

**415. DOMESTIC RELATIONS.**
Where an agreement is entered into between alleged husband and wife, he at the time of this pretended marriage having been already lawfully married, for the purpose to settle between them certain property rights; and money is deposited with a third person to hold and turn over to said wife when she procures an absolute divorce in a contemplated divorce action; and the husband dies before this action is commenced, said wife is not entitled to recover said money in the hands of the third